UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE TOPLINE CORPORATION, a Washington Corporation, and REPORT FOOTWEAR, INC., a Washington Corporation,

    Plaintiffs,

v.

4273371 CANADA, INC., a Canadian Corporation, and MODEXTIL, INC., a Canadian Corporation, jointly d/b/a REPORT COLLECTION,

    Defendants.

C07-938Z

PRELIMINARY INJUNCTION

  The Court, having considered the Motion for Preliminary Injunction, docket no. 3, filed by Plaintiffs The Topline Corporation and Report Footwear, Inc. (collectively 'Topline") on June 21, 2007, the submissions of the parties, the record herein, and the law, and having had oral argument on Plaintiffs' Motion, docket no. 3, on August 3, 2007, and having taken the matter under advisement, now enters this preliminary injunction:

  a.  The Court has jurisdiction over the parties and the subject matter.

  b.  Topline is the owner of U.S. Registration No. 2,169,637 for REPORT: for women's shoes, and Topline is also the owner of U.S. Registration No. 3,246,085 for REPORT for women's footwear and girls' footwear (collectively Topline's "REPORT Marks.").

  c.  Topline's federal trademark registrations create a presumption of ownership and validity of its REPORT Marks, a presumption that is unrebutted by Defendants.

ORDER  1–

d.   The REPORT Marks are arbitrary or fanciful as applied to women's shoes, accessories, and apparel.

e.   Topline has conducted substantial business under and engaged in substantial promotion of its REPORT Marks through the sale of REPORT shoes.  Topline's wholesale sales of REPORT brand footwear grew from approximately $7 million in 2002 to approximately $26 million in 2006.

f.   Topline's REPORT shoes have been sold in major department stores, including Nordstrom and Macy's, since 1994.

g.   Topline's REPORT Marks and the goodwill associated therewith are valuable assets of Topline.

h.   Women's shoes and apparel are complimentary goods that are marketed to the same customers and sold through the same retail outlets and channels of trade.

i.   Topline's REPORT Marks and Defendants' REPORT COLLECTION mark are similar marks as they are encountered in the marketplace.  Topline and Defendants both display "REPORT" in all capital letters, and "REPORT" is the dominant portion of Defendants' REPORT COLLECTION mark.

j.   There is no evidence of actual consumer confusion between Topline's REPORT Marks and Defendants' REPORT COLLECTION mark.

k.   Defendants were aware of Topline's REPORT brand footwear as early as 1998 or 1999, and certainly in 2005 when they decided to expand into REPORT COLLECTION women's apparel.  However, there is no evidence of Defendants' intent to adopt a REPORT COLLECTION mark similar to Topline's REPORT Marks in an effort to deceive the public.

l.   Although Topline expanded its use of its REPORT Marks to women's handbags in 2004, the record fails to demonstrate a strong possibility of Topline's likelihood of expansion into women's apparel.

m.   Defendants first used REPORT COLLECTION for men's clothing in the U.S. in 1996, after Topline's first use of its REPORT Marks for women's shoes.

n.   Defendants first offered for sale REPORT COLLECTION women's apparel in February 2006.  Since then, Defendants have conducted only limited marketing and sales of women's apparel.  However, Defendants have booked significant sales for their Fall 2007 line of women's apparel.

o.   Defendants' use of REPORT COLLECTION for women's apparel is likely to cause confusion in the marketplace.

p.   Topline would suffer irreparable harm in the absence of preliminary injunctive relief.

ORDER   2–

q. Defendants will suffer monetary damages and damage to their reputation if preliminary injunctive relief is granted.

r. Defendants continued their expansion into REPORT COLLECTION women's apparel despite having heard objections from Topline as early as August 2006.

s. The balance of hardships tips in Topline's favor.

Accordingly, Plaintiffs' Motion for a Preliminary Injunction, docket no. 3, is GRANTED, and IT IS HEREBY ORDERED that:

1. Defendants, and their affiliates, officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, are hereby preliminarily enjoined and restrained while this action is pending from using the REPORT COLLECTION mark in connection with the advertising and sale of women's clothing, and the use on products, packaging, advertising, labels, or other sales or shipping material for women's clothing. Defendants shall take reasonable steps to cease using the REPORT COLLECTION mark in connection with advertising the sale of women's clothing on retail websites such as www.shop.reportcollection.com.

2. Defendants are directed to file with this Court and serve on Topline within thirty (30) days after the service of this preliminary injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants and their affiliates, officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them have complied with the injunction.

3. Plaintiffs are required to post a bond in the amount of one million dollars ($1,000,000). This preliminary injunction will become effective upon the filing of the necessary bond.

4. The Court will issue a written opinion explaining the basis for this preliminary injunction.

DATED this 3rd day of August, 2007.

Thomas S. Zilly
United States District Judge

ORDER   3–